# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER E. LONGSTRETH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number CIV-05-782-C |
| | ) |
| ERIC FRANKLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Petition for Habeas Corpus, under the authority of 28 U.S.C. § 2241, filed by Petitioner Christopher E. Longstreth (Longstreth), a state prisoner appearing pro se. Consistent with 28 U.S.C. § 636(b)(1)(B), the Court referred the motion to Magistrate Judge Bana Roberts who, in turn, ordered Respondent Eric Franklin (Franklin) to file an answer responding to the allegations contained in Longstreth's petition. Franklin's timely responsive pleading consisted of a motion to dismiss. Judge Roberts entered a Report and Recommendation (R&R) on October 25, 2005, recommending that Franklin's motion be denied. Franklin timely filed an objection; accordingly, the matter is ripe for disposition.[1] After thorough consideration of the R&R and Franklin's objection, the Court now **ADOPTS** the R&R in toto.

---

[1] Although Longstreth also filed a document entitled "Plaintiff's Objection . . . ," he categorically states his agreement with Judge Roberts' R&R and proceeds to address matters irrelevant to its adjudication. Therefore, the Court does not address Longstreth's objections.

## STANDARD OF REVIEW [2]

The Court must review de novo those portions of the R&R to which the parties filed an objection. 28 U.S.C. § 636(b)(1). In making the de novo determination, the Court must consider all evidence in the record and may not merely review the R&R. Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## DISCUSSION

Generally, federal law requires state prisoners to exhaust state administrative remedies prior to filing a petition for habeas corpus. 28 U.S.C. § 2254(b). Effective May 10, 2005, 57 Okla. Stat. § 564.1 required Oklahoma prisoners to seek judicial review in state court of prison disciplinary proceedings that resulted in revocation of earned credits. Under the new law, a prisoner must file his petition for judicial review within ninety days of the Oklahoma Department of Corrections' (ODOC) final decision in order for the state court to consider the petition. § 564.1(A)(1). Judge Roberts found that § 564.1 did not apply to Longstreth as his ODOC appeal became final more than ninety days prior to § 564.1's effective date. Judge Roberts concluded that Longstreth did not have an available state remedy when he filed his habeas corpus petition; thus, Franklin's motion to dismiss should be denied. Franklin objects on the ground that the issue is not whether the state court remedy is actually available now

---

[2] The facts, procedural posture, and law are accurately set out in the Magistrate Judge's R&R. No viable purpose would be served by their repetition.

or when the disciplinary action became final, but whether Longstreth had a "'right under the law of the State to raise, by any available procedure, the question presented'" at the time he filed his habeas corpus petition. (Resp.'s Objection, Dkt. No. 22, at 1, quoting 28 U.S.C. § 2254(c)). Franklin bolsters his argument by asserting that all Oklahoma prisoners had ninety days after the statute became effective to seek judicial review as required by § 564.1. He concludes that the Court lacks jurisdiction under 28 U.S.C. § 2254 and should dismiss Longstreth's habeas corpus petition.

Franklin's argument is a non sequiter. Franklin fails to cite to any legal authority allowing Oklahoma prisoners to seek judicial review under § 564.1 even though their ODOC appeals were final more than ninety days prior to § 564.1's effective date. Under Oklahoma law, new statutes operate prospectively, and retrospective application is avoided absent plain legislative intent to the contrary. Crawford v. Guardian Life Ins. Co. of Am., 1997 OK 10, ¶ 8, 954 P.2d 1235, 1238; see also 22 Okla. Stat. § 3 ("No part of this [Criminal Procedure] code is retroactive unless expressly so declared."). "If doubt exists, it must be resolved against a retroactive effect." Forest Oil Corp. v. Corp. Comm'n of Oklahoma, 1990 OK 58, ¶ 11, 807 P.2d 774, 781. The clear and plain language § 564.1 is devoid of legislative intent for retroactive application; instead, the statute uses mandatory language to explicitly *exclude* from the state court's consideration any petition for judicial review filed more than ninety days from ODOC's final decision. § 564.1(A).[3] As a result, Longstreth did not have an

---

[3] "*To be considered by the court*, the inmate *shall* meet the following requirements: (1) The
(continued...)

available state remedy under § 564.1 at the time he filed his habeas corpus petition, the Court has jurisdiction, and Longstreth may adjudicate his habeas corpus petition in federal court.

### CONCLUSION

Upon the Court's de novo review, Franklin's objection is **OVERRULED** and Magistrate Judge Roberts' R&R [Dkt. No. 21] is **ADOPTED** in toto. In light of the Court's ruling, Longstreth's Application for Leave of Court to File Reply [Dkt. No. 28], Application for Leave of Court to Supplement [Dkt. No. 29], and Motion for Consideration [Dkt. No. 30] are **DENIED**. The petition is again committed to Magistrate Judge Roberts under the initial Order of Referral.

IT IS SO ORDERED this 17th day of March, 2006.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge

---

[3] (...continued)
petition *shall* be filed *within* ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision . . . ." § 564.1(A) (emphasis added).